NO. 8030                     STATE OF LOUISIANA.

W. W. WITTSCHEN

        VS                   COURT OF APPEAL

GEORGE ZIMMER.              PARISH OF ORLEANS.

————————

OPINION.

By his Honor John St. Paul.

This is a controversy over the ownership of an
automobile, and involves only a question of fact.

Defendant had a second hand automobile for which
he had paid $315; and he ran it into a canal, where it
lay for one week. During that time it was stripped of four
new tires; by a person who was honest enough to restore
them to defendant, who afterwards sold them.

Plaintiff, who is an automobile mechanic, was sent
for to get it out, and did so; taking it to his place of
business, where it stood on blocks for some days, practically
*a wreck.*

According to plaintiff's testimony, and the testimony
of one other witness, plaintiff offerred to purchase it
as it stood for $50, which defendant accepted; and $25 was
then and there paid on account, the balance to be paid
when demanded. Another witness came up as the $25 was
paid; and though he did not hear the bargain made, he
was informed of it a moment afterwards. And plaintiff
then repaired and renovated it, at a cost of $300 or more
in material and labor.

Defendant testified that he left the automobile with
plaintiff to be sold as it stood for $300 if possible, but
not #### for less than $200 in any case; that he forbade

any repairs to be made thereon at his (defendant's) expense; and permitted such repairs as were made, only on plaintiffs assurance that he would lose nothing by it.

The trial judge believed the plaintiff and his witnesses. He did not believe the defendant. Moreover, the fact that defendant sold the new tires seperately instead of having them put back on the automobile, and did not even send back the four old tires which he still had at home, indicate presuasively that in his opinion the automobile had reached that state where it was simply junk and not saleable except as such; so that it is simply incredible that he expected to get $300 or even $200 for it.

Thus the record presents a clear preponderance of evidence in favor of plaintiff, corroborated by the circumstances, and by the finding of the trial judge. And accordingly,

The judgment appealed from is therefore affirmed.
New Orleans La, May 16th, 192L.